**FARM BUREAU MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Steven M. ORR and Maurice Orr, Respondents.**

**No. C2–85–1413.**

Court of Appeals of Minnesota.

Dec. 31, 1985.

Review Denied Feb. 19, 1986.

Robert W. Plunkett, Stringer, Courtney & Rohleder, Ltd., St. Paul, for appellant.

Kevin F. Mark, Holst, Vogel, Erdmann & Vogel, Red Wing, for Steven Orr.

Richard S. Stempel, Reding & Votel, St. Paul, for Maurice Orr.

Heard, considered and decided by PARKER, Presiding Judge, FORSBERG, and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

Farm Bureau Mutual Insurance Co. appeals a grant of summary judgment in favor of respondents Steven and Maurice Orr which bars Farm Bureau from enforcing its subrogation rights. This action was commenced by Dorothy Truman, Farm Bureau's insured, in district court, seeking damages from Maurice Orr and his son, Steven Orr. During pendency of respondents' motion for summary judgment, counsel agreed to substitute Farm Bureau for Dorothy Truman as plaintiff.

The trial court granted summary judgment to respondents, apparently on the assumption that Dorothy Truman was still the plaintiff. If the procedural posture were as described in the trial court's order, summary judgment would have been correct. In this appeal, however, we decide whether the trial court erred in granting summary judgment based on the substitution of Farm Bureau as plaintiff. We reverse and remand.

## FACTS

On November 1, 1980, while driving his father's car, Steven Orr struck a parked car owned by Dorothy Truman. Pursuant to her collision insurance policy, Farm Bureau paid Truman $2,595, less the $150 deductible, on November 21, 1980, for damages to her automobile. At that time Truman signed a subrogation receipt which provided that Farm Bureau would be subrogated to the insured's right of action against any party who caused damage to her automobile.

On November 24, 1980, three days after signing the subrogation receipt, Truman sued Steven Orr in Goodhue County conciliation court to recover damages of $350: $150 to cover her deductible and $200 for a new set of tires. The conciliation court claim, which was served on Steven Orr, stated that he owed Truman "$150 to pay off bank note along with insurance." A default judgment for Truman for the full amount she requested was rendered on December 15, 1980. The time for appeal from the conciliation court judgment expired on January 2, 1981, and judgment was entered and docketed on January 13, 1981.

Prior to entry of judgment, on January 5, 1981, Farm Bureau sent a letter to the address of Maurice Orr, Steven Orr's father. While the letter was addressed to "Mrs. Morris Orr," it showed Maurice Orr's correct address. The letter notified Maurice Orr of Farm Bureau's subrogation claim for the damages to Truman's automobile.

On September 19, 1983, Truman signed a satisfaction of judgment, which stated that the conciliation court judgment had been satisfied in full. The satisfaction was for $150, the amount of Truman's deductible.

Farm Bureau, in Truman's name, commenced a lawsuit against respondents, requesting relief for damages to Truman's automobile. During pendency of respondents' summary judgment motion, counsel agreed to substitute Farm Bureau as plaintiff.

On May 10, 1985, the summary judgment motion was heard. The court granted respondents' summary judgment motion on May 13, 1985, ruling that Farm Bureau's subrogation claim was barred by the res judicata effect of the conciliation court judgment.

## ISSUE

Did the trial court properly grant summary judgment on the ground that Farm

Bureau's subrogation claim was barred by the doctrine of res judicata?

## DISCUSSION

The doctrine of res judicata is founded in equity. It is applied to protect a defendant from unnecessary litigation and cost. The Minnesota Supreme Court has approved a broad construction of the doctrine:

> A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, *but also as to every matter which might have been litigated therein.*

*Mattsen v. Packman,* 358 N.W.2d 48, 49 (Minn.1984) (emphasis added).

Courts have carved out an exception, however, to the application of res judicata. A release obtained by a tortfeasor will not defeat an insurer's subrogation right if the insurer gives the tortfeasor notice prior to the release. By entering into a release after notice, the tortfeasor waives his right to assert the protection of res judicata. *Travelers Indemnity Co. v. Vaccari,* 310 Minn. 97, 101, 245 N.W.2d 844, 847 (1976); *see also Schmidt v. Clothier,* 338 N.W.2d 256, 262 (Minn.1983).

In *Travelers* the tortfeasor and the tortfeasor's insurer had actual notice of the subrogation interest of the plaintiff's insurance company. Despite this, they settled with the plaintiff and obtained a general release from him. The Minnesota Supreme Court held that the release did not bar the insurer's subrogation right. *Travelers,* 310 Minn. at 101, 245 N.W.2d at 847. The court reasoned that because the tortfeasor has a duty to act in good faith, settling a claim with an insured after notice of an insurer's subrogation right acts as a "fraud upon the insurer and thus can have no effect upon the insurer's subrogation

rights." *Id.* at 102–03, 245 N.W.2d at 847–48.

Both parties dispute when notice should have been given. Minn.R.Civ.P. 58.-01 states:

> Unless the court otherwise directs * * * judgment * * * shall be entered forthwith by the clerk * * * The judgment in all cases shall be entered and signed by the clerk in the judgment roll; this entry constitutes *the entry of the judgment;* and the judgment is *not* effective before such entry.

*Id.* (emphasis added). In order for Farm Bureau to have the benefit of the foregoing exception to the application of the doctrine of res judicata, notice must have been given before the judgment was entered.

A genuine issue of material fact exists as to whether respondents had actual notice of Farm Bureau's subrogation right prior to judgment.[1] Dorothy Truman's conciliation court claim, which was served on Steven Orr, stated that he was indebted to Truman for "$150.00 to pay off bank note *along with insurance*" (emphasis added). A finder of fact might conclude that this reference to insurance put the tortfeasor on notice that the insurer might well have a subrogation claim for payments made in excess of the deductible. It is noted that the satisfaction of judgment is in the exact amount of the insured's deductible. A letter of notification of Farm Bureau's subrogation interest was sent to Maurice Orr's residence before judgment was entered; he was the registered owner of the automobile. These facts are material as to notice of a possible subrogation claim; notice is a genuine issue.

Although the present case initially involved a judgment rather than a settlement as in *Travelers,* Steven Orr entered into a settlement with the insured after the conciliation court judgment. Although the operative time as to notice is entry of the

---

1. This court notes that although Maurice Orr was not a party to the conciliation court judgment, he is a named defendant in this action. Neither party raised the issue of whether the conciliation court judgment could be given res judicata effect against Maurice Orr either in the summary judgment motion or on appeal. This issue will therefore not be addressed.

judgment, the settlement between Steven Orr and Truman brings the equitable focus closer to the *Travelers* case. The same concerns arise in both the present case and *Travelers*. The practice of settling or entering a judgment in derogation of a known insurer's subrogation interest should not be rewarded. The tortfeasor should not receive a windfall and should be held responsible for the harm his actions have caused. *See Travelers*, 310 Minn. at 101, 245 N.W.2d at 847.

## DECISION

We reverse the trial court's grant of summary judgment to respondents and remand for a determination of whether respondents had actual notice of appellant's subrogation interest.

Reversed and remanded.